UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YANKEE GAS SERVICES COMPANY and THE CONNECTICUT LIGHT & POWER CO., | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | No. 3:06-cv-01369 (MRK) |
| UGI UTILITIES, INC., | : : | |
| Defendant. | : | |

**ORDER**

In this action, Yankee Gas Services Company ("Yankee Gas") and The Connecticut Light and Power Company ("CL&P"), both of which are subsidiaries of Northeast Utilities, sue UGI Utilities, Inc. ("UGI") under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 *et seq*. ("CERCLA"), seeking to impose liability on UGI for pollution that occurred at thirteen facilities in Connecticut that produced manufactured gas from 1884 to 1941. The Court and the parties agreed to try this case in two phases. The first phase was focused on certain statute of limitations issues as well as UGI's derivative and direct liability within the meaning of *United States v. Bestfoods*, 524 U.S. 51 (1998). The Court held a bench trial on those issues, which concluded on May 1, 2009, and issued a lengthy opinion on May 22, 2009. *See Yankee Gas Servs. Co. v. UGI Utilities, Inc.* ("*Yankee Gas I*"), 616 F. Supp. 2d 228 (D. Conn. 2009). Readers wishing to delve into the facts of this case are directed to that earlier opinion.

In its opinion, the Court granted judgment to UGI with respect to nine of the facilities, *see*

*id*. at 277, and Plaintiffs dropped their claim with respect to three other facilities, *see id*. at 232. This left only one facility for the second phase of trial – Waterbury North. UGI agreed that it had operated the Waterbury North facility for some years, but reserved its right to argue that Plaintiffs had not shown that any contamination occurred at that site during the relevant period of UGI's operation. *See id*. at 233. Thus, the second phase was to focus on contamination at Waterbury North and the allocation of response costs between the various potentially responsible persons.

The second phase of the trial was due to begin on March 8, 2010. However, during discussions between the Court and the parties in preparation for the second phase of trial it became clear that further investigation of the Waterbury North site would be beneficial to a just resolution. Therefore, the parties moved to postpone the trial, *see* Joint Mot. to Continue Trial [doc. # 190], and the Court readily agreed, on three conditions: (1) that the Court's decision from phase one would become final and immediately appealable; (2) that the postponement would not impact the statute of limitations defense offered by Defendants; and (3) that the parties would jointly develop a plan for further investigation of the site. *See* Order [doc. # 191]. Consistent with this Order, the parties filed a Stipulation [doc. # 192] covering these three conditions, which the Court now adopts.

Consistent with that Stipulation, the Court now enters final judgment for Defendant under Rule 54(b) of the *Federal Rules of Civil Procedure* on the issues decided during the first phase of the trial. Rule 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Accordingly, the Second Circuit has stated that final judgment under Rule 54(b) requires satisfaction

of the following three conditions:

> (1) multiple *claims* or multiple *parties* must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment.

*Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (italics in original).

The Court is satisfied that the parties have an interest in a speedy appeal of the issues decided during the first phase of trial. Furthermore, the issues decided during the first phase are distinct from the issues to be decided during the second phase, and do not implicate the Waterbury North facility. Therefore, in accordance with Rule 54(b), the Court expressly determines "that there is no just reason for delay."

For administrative purposes, the Court will also sever the claims related to Waterbury North into a separate case on the docket. Therefore, the Court will close this case and directs the parties to file a new complaint and counterclaims focusing only on Waterbury North. The Court emphasizes that this is being done for the administrative convenience of the Court only. The parties agree that the filing date of the new complaint will be deemed to be September 1, 2006, and that the re-filing of the complaint will not create any new defenses based on the statute of limitations. The parties also agree that the scope of the claims and counterclaims will not change, and that there will be no limitation on the remedies available to the parties other than as provided by law. Finally, the Court approves and adopts the plan for further site investigation agreed upon by the parties. *See* Stipulation [doc. # 192] at 3-6.

Plaintiffs are directed to file their new complaint by April 15, 2010, and the parties are directed to file a proposed case management order by May 17, 2010. **Pursuant to the Court's**

3

decision in the first phase of trial and Rule 54(b), the Clerk is directed to enter judgment for Defendants regarding all facilities other than Waterbury North and to close this case.

                                            IT IS SO ORDERED.

                              /s/      Mark R. Kravitz
                                  United States District Judge

Dated at New Haven, Connecticut: March 31, 2010.